JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Appellant Jeffrey Turner, the father of Desire Holmes and Dynasty Roe, appeals the judgment of trial court that adopted the findings of a magistrate and permanently committed Desire and Dynasty to the custody of the Hamilton County Department of Job and Family Services ("HCJFS") on August 12, 2002. For the reasons that follow, we affirm the judgment of the trial court.
On July 10, 2001, Rochelle Roe, the mother of Desire, Dynasty and Darricka Holmes,[1] stood on a bridge over the Ohio River and threatened to throw the children off the bridge and to jump. Bystanders and police officers managed to prevent Roe from harming herself or the children. Police officers from Covington, Kentucky, took Roe into custody and placed the children in emergency foster care. Because the children were residents of Hamilton County and because the family had an active case file with HCJFS, jurisdiction over the case was transferred to Hamilton County, and interim custody of the children was given to HCJFS. HCJFS filed a complaint urging that the children be adjudicated abused and dependent and that permanent custody be granted to Hamilton County. After a series of hearings, the magistrate adjudicated the children abused and dependent and granted permanent custody to HCJFS. The trial court adopted the magistrate's decision as its judgment.
Turner appealed the trial court's judgment. On appeal, because the record was not complete, we presumed regularity and affirmed the judgment of the trial court. Turner appealed to the Ohio Supreme Court, which remanded the case to this court for a correction of the record and reconsideration of the merits.
Turner's first assignment of error is that the trial court erred in finding that HCJFS had made reasonable efforts to prevent removal of the children from the home, to eliminate the need for continued removal, and to make it possible for the children to return home.[2] Turner argues that the record does not support the trial court's finding. We note that Turner stipulated and the magistrate found that Turner and Rochelle Roe had previously had two children permanently committed to HCJFS's custody in 1997. Under R.C. 2151.419(A)(2)(e), based on the previous commitment of the siblings of Desire and Dynasty, "the court [was bound to] make a determination that [HCJFS was] not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home."
Despite not being required to make reasonable reconciliation efforts, HCJFS did provide services to Turner, as found by the magistrate. While Turner is correct that he availed himself of certain programs that were not provided by HCJFS, we conclude that the trial court's determination that HCJFS had made reasonable efforts, as contemplated by R.C.2151.419(A), was not against the manifest weight of the evidence. Turner's first assignment of error is overruled.
In his second assignment of error, Turner claims that the trial court erred in finding that placing Desire and Dynasty with HCJFS was in the best interest of the children. R.C. 2151.353(A) provides that the court may commit a child to the permanent custody of HCJFS, "if the court determines in accordance with [R.C. 2151.414(E)] that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with [R.C.2151.414(D)] that the permanent commitment is in the best interest of the child." Although Turner frames this assignment of error as involving the magistrate's determinations with respect to the best interest of Desire and Dynasty, his brief also argues issues that were part of the trial court's determination under R.C. 2151.414(E) that the children could not be placed with either parent in a reasonable time and that the children should not be placed with either parent. We consider the trial court's determinations under both sections.
R.C. 2151.414(E) provides that if the trial court determines by clear and convincing evidence that one or more listed factor exist, the trial court "shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent." The magistrate determined that five of the listed factors existed as to Turner.[3] Under R.C. 2151.414(D), the trial court could award permanent custody of Desire and Dynasty to HCJFS if the court determined by clear and convincing evidence that permanent custody was in the best interest of the children and that any of five listed factors applied. The magistrate determined that three of the factors applied.[4] After reviewing the record, we conclude that the evidence supported the findings made by the magistrate and adopted by the trial court, and, therefore, Turner's second assignment of error is without merit.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Hildebrandt, JJ.
[1] Darricka Holmes is not a subject of this appeal, as Jeffrey Turner is not her father.
[2] R.C. 2151.419(A).
[3] The magistrate stated that R.C. 2151.414(E)(1), (2), (4), (11), and (13) applied to Turner.
[4] The magistrate stated that R.C. 2151.414(B)(1), (3), and (4) applied to Turner.